UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN BARR, JR., <br><br> Plaintiff, <br><br> v. <br><br> DONALD TRUMP, SR., <br><br> Defendant. | Case No. C19-1057-RAJ-MAT <br><br> REPORT AND RECOMMENDATION |

This is a civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Nathan Barr is currently in the custody of the King County Department of Adult and Juvenile Detention. He has been granted leave to proceed with this action *in forma pauperis*. (Dkt. 6.) Plaintiff alleges in his complaint that his First Amendment rights were violated by President of the United States Donald Trump. (Dkt. 7 at 1, 3.) The facts alleged by plaintiff in support of his First Amendment claim are largely incomprehensible, though they appear to refer to something the President may have said on television regarding investment and/or shareholder rights. (*Id*. at 4.) Plaintiff requests relief in the form of an Order directing that the President pay plaintiff's debts. (*Id*. at 5.)

The Court is required to screen complaints filed by prisoners or detainees under 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE - 1

§ 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b). Likewise, the Court is required, under 28 U.S.C. § 1915(e)(2)(B), to dismiss a case if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In order to sustain a cause of action under *Bivens*, plaintiff must satisfy the requirements of an action brought under 42 U.S.C. § 1983, except for the substitution of a federal actor in place of a state actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Accordingly, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

While plaintiff alleges that his First Amendment rights were violated, the facts alleged in support of plaintiff's claim do not show that plaintiff has suffered any harm of federal constitutional dimension nor do they clearly demonstrate any personal participation by President Trump in the harm alleged in the complaint. In sum, plaintiff fails to state in his complaint any claim upon which relief may be granted in this civil rights action. Where a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend if "it is absolutely clear that no amendment

REPORT AND RECOMMENDATION
PAGE - 2

can cure the defect." *Id*. It does not appear plaintiff will be able to cure the defects in his complaint by amendment and this Court therefore concludes that plaintiff should not be granted leave to amend.

Based on the foregoing, this Court recommends that plaintiff's complaint (Dkt. 7) be dismissed with prejudice under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B) for failure to state any claim upon which relief may be granted. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 4, 2019**.

DATED this 9th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge